### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Leslie Johanna Donaldson, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Professional Debt Mediation, Inc., ) | **COMPLAINT** |
| ) | **WITH JURY TRIAL DEMAND** |
| Defendant. ) | |
| ) | |

### PRELIMINARY STATEMENT

This action for damages is based on Defendant's unfair and deceptive collection letters to Plaintiff and its attempt to collect a debt included in a bankruptcy case.

### PARTIES

1. Plaintiff, Leslie Johanna Donaldson, is a natural person who resides in Gwinnett County, Georgia.

2. Plaintiff is allegedly obligated to pay a consumer debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant, Professional Debt Mediation, Inc., is a corporation formed under the laws of the State of Florida and registered to do business in Georgia.

1

Defendant may be served with process via its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924.

4.     Defendant uses interstate commerce and/or mail in its business. The principal purpose of Defendant's business is the collection of consumer debts. Defendant also regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

5.     Defendant touts on its website its skill in consumer debt collection techniques, writing "*Professional Debt Mediation (PDM) is a third-party collection agency specializing in the recovery of past-due account receivables for a diversified portfolio of clients, including apartment rental, retail, commercial and medical accounts. Our goal is to provide each client with the highest possible recovery rate and personal service that is second to none. Our collection rates are consistently above industry average, and we pride ourselves on achieving these results while adhering to a strict code of ethics and harrassment-free practices..*" See, www.pdminc.net/about.html. (Last visited February 13, 2017.)

6.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

2

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because Defendant maintains an agent for service of process in the Atlanta Division.

**Facts Applicable to Plaintiff's Bankruptcy**

10. On January 9, 2015, Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case Number 15-50647 (the "Bankruptcy Case").

11. In Schedule F, of her Bankruptcy Petition, Plaintiff listed AlarmForce, L.P. (hereinafter "Alarm Force") as having an unsecured claim in the amount of $669.00.

12. Pursuant to 11 U.S.C. § 362, Alarm Force was "stayed" from taking any action of any kind in furtherance of the collection of its debt outside the confines of the Bankruptcy Court as of January 9, 2015.

13. On January 15, 2015, Alarm Force was served with notice of the commencement of Plaintiff's Bankruptcy Case and its inclusion as a creditor by the Bankruptcy Noticing Center.

14. On March 2, 2015, Plaintiff filed her original Chapter 13 Plan (the "Plan") setting forth her proposed treatment of her debts, including that owed to Alarm Force. On March 19, 2015, Plaintiff's Plan was confirmed. Alarm Force was served with a copy of the Confirmation Order on March 21, 2015, by the Bankruptcy Noticing Center.

15. Following confirmation, Alarm Force was bound by the terms of the Plan.

16. Following completion of her Confirmed Plan, the Bankruptcy Court issued an Order of Discharge discharging all debt owed by the Plaintiff including

that owed to Alarm Force. Alarm Force was served with the Discharge Order by the Bankruptcy Noticing Center on May 21, 2016.

17. At no time prior to the filing of this action has Alarm Force sought or obtained relief from the Bankruptcy Court to continue collection activity against Plaintiff.

**Facts Applicable to Defendant's Collection Letter**

18. At all times relevant to this matter, a basic "scrub" utilizing any one of many databases designed for the purpose would have revealed to the Defendant the Plaintiff's bankruptcy filing and discharge information as well as her list of creditors.

19. Scrub searches are inexpensive and readily available to the collection industry.

20. The ACA International, the Association of Credit and Collection Professionals (the ACA) is the preeminent professional association for the collection industry.

21. The ACA assists its members with due diligence compliance and states that its members "scrub accounts through nationally known databases to remove any bankruptcy filings." See, http://www.creditandcollectionnews.com/uploads/ACA%20International%20State

ment%20on%20the%20Buying%20and%20Collecting%20of%20Bankrupt%20Debt.htm (Last visited February 14, 2017)

22. The  On or about January 23, 2017, Plaintiff received a letter from Defendant dated January 17, 2017, indicating that her Alarm Force account with the number 08777-03258 had been referred to Defendant for collection.

23. The letter further stated that Plaintiff's Alarm Force account was due and owing in the amount of $1,133.19.

24. A true and correct copy of the January 19, 2017, letter from Defendant appears as follows:

P.O. Box 550979
Jacksonville, FL 32255-0979
ADDRESS SERVICE REQUESTED

**Professional Debt Mediation**

Main Phone (904) 398-0080
Toll-Free (888) 676-9872

January 19, 2017

Office Hours: 8AM – 8PM   Monday – Friday (EST)
8AM – 11AM Saturday (EST)

Leslie Donaldson
1441 Sugar Maple Way
Lawrenceville GA 30043-5247

**CREDITOR:** ALARM FORCE
675 Gary Ray Drive
Toronto ON M9L 1R2

**ACCOUNT NO:** 08777-03258
**AMOUNT DUE:** $1,133.19

Dear Leslie Donaldson,

Your account with ALARM FORCE has been referred to us for collection. If you do not dispute this debt, it is necessary that you send the balance in full by return mail.

If for any reason you are unable to pay the balance in full contact our office at (904) 398-0080 or toll-free at (888) 676-9872.

Sincerely,

Michael Brown
Account Representative
Professional Debt Mediation, Inc.

This communication is from a debt collector.
This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and provide you with a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

224CSPRDI01PDMC1-324145277

***Detach Lower Portion and Return with Payment***

FILL OUT BELOW FOR CREDIT CARD PAYMENTS.
☐ ☐ ☐ ☐ CHECK CARD USING FOR PAYMENT
CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card)   EXP. DATE
/
CARDHOLDER NAME

CARDHOLDER SIGNATURE

**Please Send All Disputes To:**
P.O. Box 550979
Jacksonville FL 32255-0979

January 19, 2017

**Please Send Payments To:**
Professional Debt Mediation, Inc.
7948 Baymeadows Way, 2nd Floor
Jacksonville FL 32256-7518

ACCOUNT NO:      08777-03258
AMOUNT DUE:      $1,133.19
AMOUNT ENCLOSED  $_____

25. As of the date of its letter to Plaintiff, Defendant was acting as the agent of Alarm Force. Information related to the Plaintiff and her bankruptcy held by Alarm Force is imputed to Defendant.

26. At the time it sent the collection letter above, Defendant knew or should have known that the account was discharged and not subject to collection.

27. Defendants letter to Plaintiff contained false and misleading statements and allegations.

28. Defendant's statements and allegations were made in furtherance of its efforts to collect a consumer debt.

**Damages**

29. Upon receiving Defendant's letter, Plaintiff believed that she was liable for a significant sum. This caused her significant anxiety and worry that adversely affected her interpersonal relationships and activities of daily living.

30. As a result of Defendant's willful actions and omissions, Plaintiff is eligible for statutory damages.

31. Additionally, as a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including out-of-pocket expenses in challenging Defendant's wrongful conduct.

32. As a result of Defendant's willful actions and omissions, Plaintiff is eligible for statutory damages.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10)

33. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

34. Defendant's attempt to collect on a debt discharged in bankruptcy violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692c(a)(2), and 1692e(2), and (10), and 1692(f).

35. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

36. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000.00 in statutory damages and reasonable attorney's fees and costs.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

39. It was unfair and deceptive for Defendant to send a collection letter to Plaintiff in an effort to collect a debt that was scheduled in bankruptcy.

40. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

41. Defendant's conduct amounts to an unfair business practice.

42. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

43. Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

44. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

45. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

46. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

47. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

48. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of February, 2017.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Caitlin M. Berry
Georgia Bar No.: 761404
*cberry@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*